■ HERBERT CROCKFORD, Respondent, v MICHAEL VINISKI, Appellant.— Judgment unanimously affirmed, with costs. Memorandum: Plaintiff Herbert Crockford conveyed to defendant a tract of land in the Town of Sodus and took back a purchase-money combination bond and mortgage. The deed, prepared by plaintiff's attorney, described five separate, but contiguous, parcels. In preparing the mortgage, defendant's attorney copied that deed description. After the closing of the transaction on or about August 9, 1978, a dispute arose between the parties concerning whether all five parcels should have been included in the deed, and this action for reformation

resulted. On the first three described parcels was a masonry building called the "Dolphin Restaurant"; next east was a parcel on which was a frame structure called the "Teen Center" and east of the "Teen Center" parcel was a small vacant parcel. It is these last two parcels which the plaintiff claims should not have been conveyed and which by the judgment of the trial court were excised from the deed and mortgage. Prior to the making of the sale contract, and up to the closing, the defendant had been renting the restaurant and the first three parcels from the plaintiff Herbert Crockford. The sale contract was a filled-in printed form. In the space left for the description of the subject of the sale, the words "Dolphin Restaurant being a cement block building and lot known as 8515 Greig Street, Sodus Point, N.Y." were typed in. Following these words, however, were the printed words of the form stating "For a more particular description of said premises reference is hereby made to the deed thereof." The deed into plaintiff Herbert Crockford conveyed all five parcels. The typed-in words of the contract clearly indicate that the agreement between the parties was for the purchase of the restaurant property only. Since the parol evidence submitted to the court also established that such was the agreement of the parties, whether the printed words of the form rendered the contract ambiguous is unimportant (see Real Property Law, § 240, subd 3; *Smith v Town of Warwick*, 71 AD2d 618). In either event, the descriptions drafted were simply mistakes which did not carry out the agreement of the parties, which should have been and were corrected by the reformation of the two instruments *(Harris v Uhlendorf*, 24 NY2d 463). (Appeal from judgment of Wayne Supreme Court—reformation, etc.) Present—Cardamone, J. P., Hancock, Jr., Doerr, Witmer and Moule, JJ.